SANDEFUR MANAGEMENT COMPANY,
APPELLEE, *v.*
SMITH, APPELLANT.

(No. 84AP-533—Decided
February 12, 1985.)

*James M. Schottenstein & Associates, James M. Schottenstein* and *Deborah L. Schottenstein,* for appellee.
*Ruth S. Jost* and *Legal Aid Society of Columbus,* for appellant.

WHITESIDE, J. Defendant, Geraldine Smith, appeals from a judgment of the Franklin County Municipal Court, and raises three assignments of error as follows:

"I. It was error for the trial court to deny defendant Smith discovery of plaintiff's reports to the Department of Housing and Urban Development (HUD) concerning the repairs charged to her.

"II. It was error for the trial court to rule that prior overpayment on defendant's account could not constitute a defense to non-payment of rent.

"III. It was error for the trial court to grant possession to plaintiff without determining whether any rent remained due pursuant to O.R.C. Section 1923.061(B)."

Plaintiff, Sandefur Management Company, maintains federally subsidized housing for low-income tenants. Smith had been one of those tenants for

twelve years with her present monthly rental being $29 calculated by utilizing a standard income-based formula. During her tenancy, she was required by Sandefur to make payment for repairs from time-to-time, which she paid but disputed contending that they were the responsibility of Sandefur as landlord. On several occasions, Smith was late in making payment of her $29 monthly rental and was assessed by Sandefur an additional $15 late payment charge which she paid together with the monthly rental, albeit late. In March 1984, Smith again tendered her rent late, not tendering it together with the late-payment fee until the 27th day of the month, but Sandefur refused payment and brought this action in forcible entry and detainer to evict Smith based upon nonpayment of rent in accordance with its "policy" of evicting a tenant the third time that the tenant was late in making a monthly rental payment.

Smith filed an answer and counterclaim contending that she did not owe any rent as of March 10, 1984, but, instead, had overpaid Sandefur in the amount of $130.80, and sought recovery of that amount from Sandefur.

Shortly thereafter, Sandefur filed a motion for a protective order with respect to discovery by deposition, which the trial court sustained limiting the scope of the deposition so as not to "include any HUD billing questions or any State or Federal agencies" and sustained "objection to questions asked in deposition of Mr. Alan Cea * * * relating to any contact with any State or Federal Agency."

Smith filed a motion pursuant to R.C. 1923.061(B) for permission to deposit rent allegedly past due for the months of March and April, which motion also was sustained by the trial court ordering that such deposit be made but, noting that Sandefur did not "waive any objection to nonpayment of rent."

The case proceeded to trial before a jury. At the commencement of the trial, following opening statements and prior to any testimony being adduced, the trial court directed a verdict for Sandefur upon its claim for possession. The trial proceeded upon Smith's counterclaim resulting in a jury verdict in her favor in the amount of $27.02. The trial court entered judgment for Sandefur for possession of the premises and for Smith for the $27.02 due her. The trial court also entered a stay of execution requiring Smith to make the monthly rental payments of $29 and noting that she had previously made the deposit of $76 in accordance with the prior order of the court for such deposits.

By the first assignment of error, Smith contends the trial court erred in issuing the protective order with respect to Sandefur's reports to the federal Department of Housing and Urban Development (HUD). Pursuant to Civ. R. 26, discovery may be obtained not only with respect to admissible evidence, but also with respect to information reasonably calculated to lead to the discovery of the admissible evidence.

Smith contends that the reports to HUD would be pertinent to her defense as to the propriety of Sandefur's charging her for repairs. Unfortunately, there is insufficient information in the record to demonstrate that this would be the case. If there, in fact, were admissions by Sandefur in reports to HUD that the repair charges were its responsibility, such evidence would be admissible. However, the transcript of proceedings does not include the proceedings before the trial court upon the motion for a protective order, nor does the record include the deposition with respect to which the protective order was entered. As Sandefur points out, repair charges are not ordinarily reimbursable to a landlord by HUD. Smith has not demonstrated that the trial court abused its discretion in issuing the protective order

under the circumstances involved. Accordingly, the first assignment of error is not well-taken.

The second and third assignments of error are interrelated and will be discussed together since both involve application of R.C. 1923.061(B).

In directing a verdict for possession, the trial court had before it the opening statements of counsel and certain stipulations indicating that the lease attached to the complaint is the current lease and that another lease was in effect from January 1, 1982 until June 1, 1983. It was also stipulated that Smith tendered her March rental payment together with a late charge on March 27, 1984, which was not accepted by Sandefur and that the eviction notice was the third Smith had received within a twelve-month period for late payment of rent.

In directing a verdict, the trial court stated to the effect that it would not consider overcharges for repairs as credit for rent with respect to the claim for possession of the premises, primarily because the court assumed that the charges were made under a prior lease and could not be carried forward.

However, the evidence indicates that although a written lease was involved, the rental actually was on a month-to-month basis. The so-called prior lease is undated and specifies no term, although the printed language refers to the term as being one year but no commencement date is indicated, and the rental is stated in terms of monthly rental of $311, with Smith to pay $63 per month and the remainder to be paid as a housing assistance payment by HUD. The so-called new lease is specifically a month-to-month lease under which Smith agrees to pay $68 per month, the lease not specifying the amount of rent to be paid by HUD, but refers to the fact that such payment is to be made.

This was a continuing tenancy on a month-to-month basis as indicated by the first paragraph of the complaint which alleges the lease was executed on June 22, 1972, and that the agreed monthly rental to be paid by Smith was $29 per month. Additionally, the twelve-month period utilized by Sandefur for determining whether to evict extends back beyond the date of the "new" lease. The lease does contain a provision waiving any right of the tenant to set off or deduct from rentals due any claim arising from a breach or failure of the landlord or any other cause. It does not, however, purport to waive the tenant's right to set off any overpayments previously made to the landlord.

The proper applicability of the tenant's right to set off prior overpayments, including amounts the tenant may recover under R.C. Chapters 3733 or 5321, is determined by R.C. 1923.061(B) which provides as follows:

"In an action for possession of residential premises based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount he may recover under the rental agreement or under Chapter 3733. or 5321. of the Revised Code. In that event the court from time to time may order the tenant to pay into court all or part of the past due rent and rent becoming due during the pendency of the action. After trial and judgment, the party to whom a net judgment is owed shall be paid first from the money paid into court, and any balance shall be satisfied as any other judgment. If no rent remains due after application of this division, judgment shall be entered for the tenant in the action for possession. If the tenant has paid into court an amount greater than that necessary to satisfy a judgment obtained by the landlord, the balance shall be returned by the court to the tenant."

R.C. 1923.061(B) applies only in actions for possession of property based upon nonpayment of rent and actions for

rent when the tenant is in possession, and permits the tenant to set off against the rents allegedly due or ‌past due amounts which the tenant "may recover under the rental agreement or under Chapter 3733. or 5321. of the Revised Code." To assert this right, the tenant must file a counterclaim for such amount.

Once the tenant has asserted such a counterclaim, the trial court, in its discretion, "may order the tenant to pay into court all or part of the past due rent and rent becoming due during the pendency of the action." The trial court did so in this action with respect to the rents allegedly past due and such deposit was made by Smith. Sandefur points out, however, that the trial court noted that Sandefur did not waive any objection to nonpayment of rent. The trial court repeated this notation in the stay order entered following judgment, indicating Sandefur's "objection was that defendant was not current in her rent at the time of the request for escrow" and that "the parties agreed that plaintiff preserves its objection and that plaintiff did not waive any objection as to nonpayment of rent as applied to its complaint for restitution of the premises." Sandefur, however, has neither appealed nor cross-appealed from the judgment of the trial court with respect to the order of deposit contending an abuse of discretion with respect thereto.

While the record is clear that Sandefur did not waive its objection to the trial court's exercise of its discretion in ordering deposit of past due rent during the pendency of the action in accordance with R.C. 1923.061(B), the preserving of that objection does not affect the application of the remaining portion of R.C. 1923.061. No issue of abuse of discretion on the part of the trial court in ordering the deposit has been raised by Sandefur upon this appeal, since Sandefur neither appealed nor cross-appealed from the judgment and has raised no assignment of error herein. Sandefur's preserving of its objection to the trial court's action does not avoid the effect of R.C. 1923.061, unless the issue is raised on appeal in the proper manner, and this court finds that the trial court abused its discretion in ordering the deposit. No such issue is raised herein nor determined hereby.

R.C. 1923.061 provides a specific formula to be applied once there is a counterclaim of the tenant and the trial court orders the deposit of the allegedly past due rent, first providing that "[a]fter trial and judgment, the party to whom a net judgment is owed shall be paid first from the money paid into court, and any balance shall be satisfied as any other judgment."

Since there is some evidence, including the stipulations, indicating past due rent, it is unclear whether the jury deducted past due rent in determining the amount found to be due plaintiff especially since neither the closing arguments nor charge of the court to the jury are included in the transcript of proceedings. However, in the absence of an indication that the jury deducted past due rents, we will assume that the money judgment found due Smith represents only the overpayments made with respect to repair charges.

The matter is further complicated by the fact that Sandefur did not seek judgment for the allegedly past due rent. Nevertheless, since a deposit of past due rent was made, R.C. 1923.061 contemplates that the net judgment would be for Sandefur in the amount of $48.98, being the difference between the past due rent for March and April of $73 and the amount found due from Sandefur to Smith.[1] Thus, R.C. 1923.061 provides that the net judgment

---

[1] The March rent plus late charge was $44 and the April rent, $29, for a total of $73, but we have read the trial court's finding of $76 as being the amount of deposit. Even if

owed to Sandefur should be first paid from the money paid into court as deposited pursuant to the court's order. R.C. 1923.061 then provides unequivocally that, "[i]f no rent remains due after application of this division, judgment shall be entered for the tenant in the action for possession." Under the circumstances of this case, it is clear that no rent remained due to Sandefur after proper application of R.C. 1923.061(B). Accordingly, it was incumbent upon the trial court to enter a judgment for the tenant in the action for possession.

For application of this provision of R.C. 1923.061(B) requiring judgment for the tenant in the action for possession, there are several prerequisites: (1) the action must be for possession of residential premises based upon nonpayment of rent; (2) the tenant must have and assert a counterclaim for an amount due either under the rental agreement or under R.C. Chapter 3733 or 5321; (3) the tenant must be successful on his counterclaim since there can be no net judgment unless both parties are entitled to judgment, the landlord, for past due rent or rent becoming due during the pendency of the action, and the tenant, upon his counterclaim; (4) the trial court in its discretion must have ordered deposit by the tenant of past due rent; and (5) the net judgment for the landlord must be no greater than the amount which the trial court ordered paid into court as a deposit by the tenant.

Sandefur contends that the provision of R.C. 1923.061(B) requiring judgment for the tenant on the issue of possession if no rent remains due after application of the section, should be applied only in those instances where there is a net judgment in favor of the tenant. To so hold, this court would have to rewrite the express and unambiguous provisions of R.C. 1923.061(B) which expressly refers to "the party to whom a net judgment is owed" recognizing that the net judgment may be either for the landlord or the tenant.

The clear purpose of R.C. 1923.061(B) is to permit a tenant to remain in possession of the leased premises whenever the tenant recovers a monetary judgment against a landlord in a case where the trial court has ordered deposit of past due rents in such an amount that after deducting the monetary judgment for the tenant from the monetary judgment for the landlord for past due rent, the amount of the net judgment for the landlord is no greater than the amount that the trial court ordered deposited by the tenant. In other words, where the landlord is also at fault and found to be indebted to the tenant upon a proper counterclaim asserted by the tenant, the landlord is not entitled to possession of the premises for nonpayment of rent since both parties are at fault in those cases where the trial court in the exercise of its discretion has ordered a deposit by the tenant of the allegedly past due rent or rent due during pendency of the action and the net judgment for the landlord is no greater than the deposit.

Accordingly, the trial court should not have rendered judgment for possession of the premises prior to trial since, at that time, it was not possible for the trial court to ascertain proper application of the mandatory provisions of R.C. 1923.061(B), the trial court having previously ordered the tenant to deposit past due rent. Thus, the second assignment of error is well-taken. Likewise, the third assignment of error is well-taken since by proper application of R.C. 1923.061, Sandefur was not entitled to a judgment for possession, that section expressly providing that under the circumstances involved, it was mandatory that the trial court enter judgment for

---

the May rent were included (the trial court judgment being rendered May 4), the net judgment for Sandefur would be $75.98, still less than the deposit.

the tenant, Smith, in the action for possession.

For the foregoing reasons, the first assignment of error is overruled, and the second and third assignments of error are sustained, and the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court to enter a judgment in accordance with R.C. 1923.061(B) consistent with this opinion, including a judgment for Smith upon Sandefur's claim for possession.

*Judgment reversed and cause remanded with instructions.*

MOYER and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.