SCHWAB, Appellee,

v.

LATTIMORE, Appellant.

[Cite as *Schwab v. Lattimore,* 166 Ohio App.3d 12, 2006-Ohio-1372.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050874.

Decided March 24, 2006.

**14**

Mark J. Schwab, pro se.

Thompson Hine, L.L.P., and Christopher Wiest, for appellant.

HILDEBRANDT, Presiding Judge.

{¶ 1} Defendant-appellant, Regina Lattimore, appeals the judgment of the Hamilton County Municipal Court granting a writ of restitution to plaintiff-appellee, Christopher J. Schwab, in an eviction action.

{¶ 2} On January 1, 2005, Lattimore signed an agreement to rent an apartment from Schwab for one year. On September 15, 2005, Schwab filed a complaint for eviction and damages. Lattimore filed an answer and a counterclaim in which she sought damages arising out of the alleged defects in the residence.

{¶ 3} A hearing was conducted before a magistrate. At the hearing, Schwab testified that Lattimore had failed to pay one month's rent. Lattimore was permitted to adduce evidence of her alleged damages, and she requested an offset against her rent under R.C. 1923.061 because of the alleged defects in the property.

{¶ 4} The magistrate explicitly declined to consider the issue of an offset and recommended that Schwab be granted a writ of restitution. The trial court accepted that recommendation and issued the writ.

{¶ 5} On appeal, Lattimore now argues, in four assignments of error, that the court erred in granting Schwab's claim for restitution of the premises.

{¶ 6} We begin with the third assignment of error, in which Lattimore challenges the trial court's subject-matter jurisdiction. She argues that Schwab failed to present evidence that he had complied with the three-day notice requirement of R.C. 1923.04.

{¶ 7} We find no merit in this assignment. In her answer, Lattimore admitted that she had received the required notice, and our review of the notice reveals no deficiencies in its form or its content. The trial court was properly vested with jurisdiction, and the third assignment of error is overruled.

{¶ 8} In her first and second assignments of error, Lattimore argues that the trial court erred in refusing to consider the issue of an offset under R.C. 1923.061. She argues that had the court considered her counterclaim under R.C.

1923.061 at the time it considered Schwab's complaint for a writ of restitution, the rent due would have been less than she had actually paid. As a result, Lattimore argues, Schwab would not have been entitled to a writ of restitution.

{¶ 9} The rental period as stated in the lease terminated on January 1, 2006, and Lattimore concedes that she has already vacated the premises. Accordingly, Lattimore agrees that this court cannot order that she be returned to possession of the premises. We must determine, then, whether the case is moot.

{¶ 10} The duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case.[1] Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues.[2]

{¶ 11} In this case, we cannot render a judgment that could be carried into effect. Schwab has taken possession of the apartment, and the term of the lease has expired. As a result, this court can grant no relief to Lattimore even if we were to hold that the trial court had erred in declining to rule on her counter-claim. And because the order granting the writ of restitution is the only judgment on appeal, any decision regarding the propriety of the trial court's proceedings would be purely advisory in nature.

{¶ 12} Lattimore argues, though, that the case is not subject to the mootness doctrine because the challenged action is capable of repetition yet evades review. She argues that the common practice of the municipal court is to delay the determination of an offset under R.C. 1923.061 until after the tenant has lost possession of the premises. She maintains that in light of that practice, the issue of the tenant's right to retain possession under R.C. 1923.061 would be moot in virtually every case.

{¶ 13} We hold that Lattimore has failed to demonstrate that this case falls under the exception to the mootness doctrine for cases that are capable of repetition yet evade review. The Supreme Court of Ohio has held that "[t]his exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable

---

1. *In re Bailey*, 1st Dist. Nos. C–040014 and C–040479, 2005-Ohio-3039, 2005 WL 1413269, at ¶ 9, jurisdictional motion overruled, 107 Ohio St.3d 1423, 2005-Ohio-6124, 837 N.E.2d 1208.

2. Id., citing *State ex rel. Eliza Jennings, Inc. v. Noble* (1990), 49 Ohio St.3d 71, 74, 551 N.E.2d 128, and *Hamilton Cty. Community Mental Health Bd. v. Wells* (Nov. 8, 1995), 1st Dist. No. C–940716, 1995 WL 653824.

expectation that the same complaining party will be subject to the same action again."[3]

{¶ 14} Here, even if Lattimore had established that the writ of restitution is normally carried into effect before a tenant can present a claim under R.C. 1923.061, she has not demonstrated any likelihood that she will be subject to the action again. Accordingly, the exception to the mootness doctrine does not apply.

{¶ 15} Lattimore also argues that the issue before the court is of great public interest. Even though a case may be moot, a court may hear the appeal when the case presents a constitutional question or a matter of great public or general interest.[4]

{¶ 16} Here, there is no argument that the case presents a constitutional question. And Lattimore has not convinced us that the narrow issue presented is of such great public interest that we should exceed our entrusted role of deciding justiciable controversies. Accordingly, we hold that the case is moot and not within the exceptions that Lattimore has asserted.

{¶ 17} In the fourth and final assignment of error, Lattimore contends that the trial court erred in denying her request for findings of fact and conclusions of law. Our disposition of the first and second assignments of error renders the fourth assignment moot as well.

{¶ 18} Having held that the case is moot, we hereby dismiss the appeal.

Appeal dismissed.

GORMAN, J., concurs.

PAINTER, J., dissents.

PAINTER, J., dissenting.

{¶ 19} The majority today determines that there is nothing for us to review. The majority reasons that the issue of whether Schwab was entitled to possession of the apartment is moot because Lattimore no longer lives in the apartment.

{¶ 20} But by declaring the issue in this case moot, we are denying relief to any tenant, not just Lattimore, who has a legitimate counterclaim against a landlord that would prevent an eviction. This is the type of issue that falls under the exception to the mootness doctrine because it is capable of repetition yet evades review.

---

3. *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182.

4. *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 30 OBR 33, 505 N.E.2d 966, paragraph one of the syllabus.

## I. The Case Is Not Moot

{¶ 21} The majority cites *State ex rel. Calvary v. Upper Arlington* for a definition of the two requirements for an issue to be capable of repetition yet evading review.[5] The first is whether the challenged action is too short in its duration to be fully litigated before its cessation or expiration. The challenged action here is the eviction. Evictions are summary proceedings. The time between when a tenant is wrongly evicted—even if a stay of the writ is granted—and when the tenant's lease expires will invariably be short. Most leases are for one year, and it is unlikely that the entire process of a trial court decision and appellate review could occur all within that one year. And if no stay is granted, the issue will, under the majority's analysis, always be moot. Thus, in almost any dispute between a landlord and tenant in which a tenant is wrongly evicted, a court will consider the issue moot. That qualifies as an issue that evades review.

{¶ 22} The majority concedes as much, but then apparently decides that the issue is incapable of repetition, stating that Lattimore "has not demonstrated any likelihood that she will be subject to the action again." But that is too narrow an interpretation of "capable of repetition." *Any tenant* who is sued for eviction by a landlord, when the landlord is not entitled to the eviction, risks being evicted anyway and then being incapable of proving in court that the eviction was wrong, because the lease will have since expired. The situation is likely to be repeated and is exactly the situation that needs to be resolved instead of being forever dismissed for mootness.

{¶ 23} In *In re Appeal of Huffer*, the Ohio Supreme Court held that the issue of the authority of local school boards to make rules and regulations was capable of repetition yet evaded review "since students who challenge school board rules generally graduate before the case winds its way through the court system." [6] The fact that the particular student in that case was unlikely to ever attend high school again did not mean that the issue was incapable of repetition. Likewise, the fact that Lattimore will be unlikely to rent another apartment from Schwab should not mean that her issue is incapable of repetition.

{¶ 24} And similarly, in *State v. Brooks*, the Ohio Supreme Court considered the issue of sentencing a defendant to a prison term after a community-control sanction, despite acknowledging that the defendant in the case had already served his entire term of imprisonment imposed for his community-control violation.[7] The court specifically held that the issue was moot as to the

---

5. See *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182.

6. See *In re Appeal of Huffer* (1989), 47 Ohio St.3d 12, 14, 546 N.E.2d 1308.

7. See *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at ¶ 5.

defendant, but that the issue should be addressed because it was capable of repetition and evading review.[8]

{¶ 25} *Brooks,* which was decided in 2004, four years *after State ex rel. Calvary,* clearly indicates that the exception to the mootness doctrine of "capable of repetition yet evading review" applies when a situation is likely to occur repeatedly, albeit with different litigants.

{¶ 26} I would hold that the issue in this case is not moot merely because Lattimore no longer lives in the apartment. It is possible that she was wrongly evicted and was left without a remedy to prove that her eviction was wrong, as she was allowed to do under R.C. 1923.061.

## II.  A Counterclaim Must Be Heard

{¶ 27} I would further hold that the trial court erred when it failed to first determine which party was owed a net judgment before entering judgment for Schwab on the eviction claim. That decision cannot be deferred to be heard with the "second claim," or the landlord's claim for damages and back rent.

{¶ 28} When a tenant challenges the eviction on the ground that the premises were in such disrepair that the fair rental value was less, the trial court must hear the counterclaim before issuing a writ, because the tenant might not owe any rent. Under R.C. 1923.061, "[i]f no rent remains due after application of this division, judgment shall be entered for the tenant or resident in the action for possession."[9]  Clearly, judgment on the issue of possession cannot be made until the court first determines whether the tenant owes any money. If the tenant does not owe any money, the landlord is not entitled to possession of the premises.

{¶ 29} Several other appellate districts have reached the same conclusion and have held that a trial court must first determine which party is owed a net judgment before ruling on possession of the premises. In *Sandefur Mgt. Co. v. Smith,* the Tenth Appellate District held that the trial court incorrectly granted the landlord possession of the premises prior to trial "since, at that time, it was not possible for the trial court to ascertain proper application of the mandatory provisions of R.C. 1923.061(B)."[10]  The court noted, "The clear purpose of R.C. 1923.061(B) is to permit a tenant to remain in possession of the leased premises whenever the tenant recovers a monetary judgment against a landlord * * *."

---

8.  Id.

9.  R.C. 1923.061(B).

10.  *Sandefur Mgt. Co. v. Smith* (1985), 21 Ohio App.3d 145, 149, 21 OBR 155, 486 N.E.2d 1234.

{¶ 30} Similarly, in *Studer v. Roark,* the Fifth Appellate District held that the issues of possession and damages must be determined at the same time, stating, "It is very possible that when the trial court hears the issue of damages, [the tenant] could prevail on his counterclaim and restitution to [the landlord] will not be the proper remedy; therefore, [the tenant] could remain in the rental premises. This is the exact situation that R.C. 1923.061 tries to simplify."[11]

{¶ 31} Therefore, I would sustain Lattimore's first and second assignments of error and hold that the trial court erred when it granted a writ of restitution to Schwab before ruling on Lattimore's counterclaim and determining which party was due a net judgment.

---

11. *Studer v. Roark* (Mar. 21, 1995), 5th Dist. No. 94–CA–38, 1995 WL 347963; see, also, *Heritage Hills, Ltd. v. Bragg* (Aug. 27, 1987), 4th Dist. No. 1379, 1987 WL 16079.