OPINION
{¶ 1} Appellant, William W. Nucklos, M.D., appeals from a judgment of the Franklin County Court of Common Pleas which dismissed his appeal seeking reversal of a summary suspension of his medical license by appellee, State Medical Board of Ohio ("Board"). For the following reasons, we dismiss this appeal as moot.
 {¶ 2} By order dated October 10, 2007, the Board, pursuant to R.C. 4731.22(G), summarily suspended appellant's license to practice medicine based upon the *Page 2 
recommendation of the Board's secretary and supervising member that there existed clear and convincing evidence that appellant violated R.C. 4731.22(B)(6) and that his continued practice presented a danger of immediate and serious harm to the public. On October 25, 2007, appellant appealed the Board's October 10, 2007 order to the common pleas court pursuant to R.C. 119.12. On November 2, 2007, appellant requested an administrative hearing before the Board.
 {¶ 3} On November 9, 2007, the Board filed a motion to dismiss the appeal for lack of jurisdiction. In particular, the Board argued that appellant commenced the appeal without statutory authority to do so, failed to exhaust his administrative remedies, failed to set forth the grounds for his appeal, and pursued an appeal which was premature because the order appealed from was not a final appealable order. By decision and entry filed May 16, 2008, the common pleas court sustained the Board's motion to dismiss, finding that appellant had no legal right to seek redress of the summary suspension under R.C. 119.12 where the appeal is filed prior to the summary suspension hearing.
 {¶ 4} Appellant appeals from the trial court's May 16, 2008 decision and entry, advancing a single assignment of error, as follows:
 FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN ITS MAY 16, 2008 ENTRY DISMISSING DR. NUCKLOS' ADMINISTRATIVE APPEAL AND FINDING THAT DR. NUCKLOS HAD NO LEGAL RIGHT TO APPEAL THE SUMMARY SUSPENSION UNDER THE PROVISIONS OF ORC 119.12.
 {¶ 5} Initially, we must address an issue that was raised by the panel at oral argument — whether this appeal is moot. In Ridgeway v. StateMed. Bd. of Ohio, Franklin App. No. 06AP-1197, 2007-Ohio-5657, a physician opined by letter to the Board that Dr. *Page 3 
Ridgeway suffered from alcoholism. In response to the letter, Dr. Ridgeway filed a complaint against the Board seeking injunctive and declaratory relief to prevent the Board from summarily suspending his medical license based upon the physician's opinion.
 {¶ 6} The trial court denied Dr. Ridgeway a temporary restraining order and summarily suspended Dr. Ridgeway's medical license. Dr. Ridgeway appealed the suspension to the common pleas court and simultaneously requested an administrative hearing on the matter. Upon the Board's motion, the trial court consolidated Dr. Ridgeway's injunctive and declaratory action with his appeal of the summary suspension. Despite his contention that disciplinary action against his license was unwarranted, the Board issued a final administrative order that, in part, required Dr. Ridgeway to obtain alcohol treatment and suspended his medical license for three months.
 {¶ 7} Dr. Ridgeway appealed the Board's final administrative order to the trial court. The Board notified the trial court assigned to the consolidated actions of the appeal of the final administrative order and asserted that Dr. Ridgway's appeal of the final administrative order rendered the consolidated actions moot. The trial court agreed and issued a decision and judgment entry dismissing the consolidated actions.
 {¶ 8} On appeal, Dr. Ridgeway asserted, inter alia, that the trial court erred by dismissing the appeal of the summary suspension on the basis of mootness. This court disagreed. At the outset, this court engaged in a general discussion regarding the doctrine of mootness, noting that "[a]ctions are moot when `"they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations."'" Ridgeway, at ¶ 11, quoting Lingo v. Ohio Cent. RR.,Inc., Franklin App. No. 05AP-206, 2006-Ohio-2268, at ¶ 20, quotingGrove City v. Clark, Franklin App. No. 01AP-1369, *Page 4 
2002-Ohio-4549, at ¶ 11. We further noted that "Ohio courts have long recognized that a court should not entertain jurisdiction over cases that are not actual controversies." Id., citing Tschantz v.Ferguson (1991), 57 Ohio St.3d 131, 133, and State ex rel. ElizaJennings, Inc. v. Noble (1990), 49 Ohio St.3d 71, 74.
 {¶ 9} This court applied the mootness doctrine to Dr. Ridgeway's appeal seeking reversal of the summary suspension. Quoting R.C. 4731.22(G), which provides, in part, that "[a]ny summary suspension * * * shall remain in effect * * * until a final adjudicative order issued by the board pursuant to this section and Chapter 119 of the Revised Code becomes effective," we noted that the Board had issued a final adjudicative order in the matter. We concluded that Dr. Ridgeway's license "was no longer under summary suspension and his attempts to contest the summary suspension are moot." Ridgeway, at ¶ 12, citingVogelsong v. Ohio State Bd. of Pharmacy (1997), 123 Ohio App.3d 260,267, and Angerman v. State Med. Bd. of Ohio (Feb. 27, 1990), Franklin App. No. 89AP-896.
 {¶ 10} We also disagreed with Dr. Ridgeway's contention that his consolidated actions should be excepted from the mootness doctrine because they presented issues capable of repetition yet evading review. We noted that "[a]lthough an action may be moot, a court may still resolve it if: `(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" Ridgeway, at ¶ 13, quoting State exrel. Calvary v. Upper Arlington (2000), 89 Ohio St.3d 229, 231. ApplyingCalvary, we found that even if Dr. Ridgeway had demonstrated that a summary suspension does not exist long enough to review it, he failed to present any evidence establishing that he expected the Board to issue a summary suspension against *Page 5 
his license again. Accordingly, we concluded that Dr. Ridgeway's consolidated actions were moot and affirmed the trial court's judgment.
 {¶ 11} In this case, counsel for both parties acknowledged at oral argument that the Board issued a final adjudicative order in this matter on August 13, 2008[1] and that appellant's appeal of that order is pending in the common pleas court. Appellant argued thatRidgeway is inapplicable to the instant case because the two cases are procedurally distinguishable. In particular, appellant noted that inRidgeway, the Board entered the final adjudicative order before the case reached the common pleas court; accordingly, the summary suspension was already nullified by the time the common pleas court dismissed the appeal as moot. In contrast, the adjudicative order here was entered after the common pleas court rendered its judgment; accordingly, the summary suspension was still valid at the time the common pleas court reviewed it. Appellant urges that we remand the case to the common pleas court to determine the mootness issue.
 {¶ 12} Appellant's attempt to distinguish Ridgeway is unavailing. Pursuant to R.C. 4731.22(G), entry of the Board's final adjudicative order dissolves the summary suspension order. This is true no matter when in the litigation process the Board issues the order. "When circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues."Schwab v. Lattimore, 166 Ohio App.3d 12, 2006-Ohio-1372, at ¶ 10, citingIn re Bailey, Hamilton App. No. C-040014, 2005-Ohio-3039, at ¶ 9. Thus, because the Board has issued a final adjudicative order in this case, appellant's attempt to contest the summary suspension order is moot. *Page 6 
 {¶ 13} Further, appellant has failed to present this court with any reason to except his appeal of the summary suspension from the mootness doctrine. Appellant has not established that the issue in this case is capable of repetition yet evades review. As in Ridgeway, appellant contends the summary suspension is too short in its duration to be fully litigated. However, he has not presented any evidence establishing that he expects that he will again be subject to a summary suspension of his medical license. Accordingly, this appeal is moot, and we decline to reach the merits of appellant's only assignment of error.
 {¶ 14} For the foregoing reasons, appellant's assignment of error is overruled and this appeal is dismissed.
Appeal dismissed.
KLATT and TYACK, JJ., concur.
 T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] As noted, appellant, on November 2, 2007, requested an administrative hearing before the Board. The Board set the matter for hearing within the 15-day period mandated by R.C. 4731.22(G). However, as a result of appellant's legal maneuvering, the Board did not hold a hearing until early June 2008. *Page 1