[Cite as *Huntington Natl. Bank v. CPW Properties, Ltd.*, 2018-Ohio-1219.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, | ) | CASE NO. 17 CA 0917 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| CPW PROPERTIES, LTD. ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| OHIO POWER COMPANY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Motion to Dismiss Appeal

JUDGMENT:                                      Dismissed.

JUDGES:
Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  March 28, 2018

[Cite as *Huntington Natl. Bank v. CPW Properties, Ltd.*, 2018-Ohio-1219.]
APPEARANCES:

For Plaintiff-Appellee:

Atty. Alan M. Medvick
Atty. Wade T. Doerr
Atty. Christopher J. Niekamp
Niekamp, Weisensell,
Mutersbaugh & Mastrantonio, LLP
The Nantucket Building, Third Floor
23 South Main Street
Akron, Ohio  44308

For Defendant-Appellant:

Atty. Marilyn McConnell
American Electric Supply Power Service
1 Riverside Plaza, 29th Floor
Columbus, Ohio 43215

Atty. R. Leland Evans
Mary McWilliams Dengler
Dickie, McCamey & Chilcote, P.C.
250 Civic Center Drive, Suite 280
Columbus, Ohio  43215

PER CURIAM.

**{¶1}** Appellee Huntington National Bank ("Huntington") has filed a motion to dismiss this appeal on the grounds that the underlying trial court action has been voluntarily dismissed, and because the matter under review has become moot due to the debtor's bankruptcy filing. Appellant has filed a memorandum in opposition. For the following reasons, Appellee's motion is sustained and the appeal is dismissed.

**{¶2}** This case began as a foreclosure action between Huntington and CPW Properties, Ltd. ("CPW"). The trial court then issued an order appointing a receiver over CPW's property. That order concluded with the words "The Court has determined there is no just reason for delay. It is so ordered." Appellant Ohio Power Company ("Ohio Power") filed a motion to intervene based on provisions in the receivership order that prohibited utility companies from discontinuing service to the property. The trial court granted the motion to intervene. Ohio Power then filed a motion to set aside the order appointing receiver. This appeal followed immediately thereafter.

**{¶3}** On August 25, 2017, CPW filed for bankruptcy. We placed part of this appeal under a stay based on the automatic stay provisions of the bankruptcy code, Section 362(a)(1), Title 11, U.S.Code. We allowed the part of the appeal dealing with the controversy between non-debtor third parties Huntington and Intervenor-Appellant Ohio Power to continue. Soon after we issued that order, Huntington voluntarily dismissed the trial court action and filed the motion to dismiss this appeal.

**{¶4}** Appellee argues that we no longer have jurisdiction to hear this appeal

because the underlying trial court action has been voluntarily dismissed under Civ.R. 41(A)(1). Had the voluntary dismissal been filed before the appeal was filed, we would likely agree with Appellee. In this case, though, the voluntary dismissal was filed while this appeal was pending. We agree with the Sixth District Court of Appeals in its conclusion that "[t]his court is unaware of any Ohio case finding a voluntary dismissal filed *after* a timely notice of appeal divests the appellate court of jurisdiction." *Huntington National Bank v. Syroka*, 6th Dist. No. L-09-1240, 2010-Ohio-1358, ¶ 7. Voluntary dismissal of an appeal by the appellant or by agreement of all parties is governed by App.R. 28. There is no method under App.R. 28 for an appellee to voluntarily dismiss an appeal, and we are not persuaded that Civ.R. 41 can be used to bypass the procedure established by App.R. 28.

{¶5} There seems to be little doubt, though, that the actual dispute between the parties is moot. The foreclosure action has been dismissed and the reason for the receivership, as well as the receivership itself, dissolved with the debtor's filing of the bankruptcy petition. " 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " *Culver v. City of Warren*, 84 Ohio App. 373, 393, 83 N.E.2d 82, 91 (7th Dist.1948).

{¶6} "The duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the

issues in a case. Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues." *Schwab v. Lattimore*, 1st Dist. No. C-050874, 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 10 (internal citations omitted).

**{¶7}** Courts have long-recognized a few narrow exceptions to the mootness doctrine. "Although a case may be moot, a court may hear the appeal where the issues raised are 'capable of repetition, yet evading review.' " *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1988), paragraph one of the syllabus.

**{¶8}** "This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64, 741 N.E.2d 517 (2001).

**{¶9}** This exception does not apply to the present case. Appellant cites *State of Ohio ex rel. Smith v. Amin Hotels, Ltd.*, 10th Dist. No. 11AP-663, 2012-Ohio-1317, as being similar to the situation in this appeal, and yet, the foreclosure action in that case (involving Huntington as the mortgagor and an electric power utility as the intervenor) was ongoing, the matter was resolved in favor of the public utility, and the case was remanded to the trial court for further proceedings. Appellant, it would seem, is asking us to apply an exception to the mootness doctrine simply to reinforce the conclusion in *Amin Hotels, Ltd.* We are not convinced by Appellant's argument that the issues in this appeal will evade review when it cites to a very recent and

uncannily similar case in which the matter did not evade review.

{¶10} The other exception to the mootness doctrine is where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest. *Franchise Developers, Inc. v. City of Cincinnati*, 30 Ohio St.3d 28, 29, 505 N.E.2d 966 (1987), paragraph one of the syllabus. We hesitate to even consider this exception because "such an action should be taken only by the highest court in the state, rather than an intermediate appellate court." *In re Brown*, 10th Dist. No. 03AP-1205, 2005-Ohio-2425, ¶ 18. The question of whether a public utility can be ordered to provide services in a receivership would likely involve statutory or administrative law long before any constitutional issues might arise. The *Amin Hotels, Ltd.* case cited by Appellant bears this out. We find that no other appellate court has cited *Amin Hotels, Ltd.*, and there are no facts in the record that could possibly lead us to conclude that the matter is of great public or general interest.

{¶11} Appellee Huntington's motion to dismiss is sustained. Appeal dismissed. It is so ordered.

{¶12} Final order. Clerk to service notice as provided by Civil Rules. Costs taxed to Appellant Ohio Power Company.


Robb, P.J., concurs.

Donofrio, J., concurs.

Waite, J., concurs