[Cite as *JPMorgan Chase Bank, NA v. Hansen*, 2019-Ohio-4424.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JPMORGAN CHASE BANK NA | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 18 CAE 11 0086 |
| | : | |
| LYNN A. HANSEN, ET AL. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court
                              of Common Pleas, Case No. 17 CVE 11
                              0677

JUDGMENT:                     DISMISSED

DATE OF JUDGMENT ENTRY:       October 28, 2019

APPEARANCES:

For Plaintiff-Appellee:                   For Defendant-Appellant:

DAVID C. GIBSON                           LYNN A. HANSEN, PRO SE
100 South Third Street                    421 Inverness Avenue
Columbus, OH 43215                        Delaware, Ohio 43015

*Delaney, P.J.*

{¶1} Defendant-Appellant Lynn A. Hansen appeals the October 9, 2018 judgment entry of the Delaware County Court of Common Pleas.

### FACTS AND PROCEDURAL HISTORY

{¶2} Defendant-Appellant Lynn A. Hansen executed a promissory note in the amount of $316,486.00 to Bank One, N.A. The Note was secured by a mortgage on the real property located on Inverness Ave., Delaware, Ohio. Plaintiff-Appellee JPMorgan Chase Bank, N.A. ("Chase") is the successor by merger to Bank One, N.A. and was in possession of the Note and Mortgage.

{¶3} Chase and Hansen modified the terms of the Note and Mortgage on December 1, 2012. In 2013, Hansen failed to make payments due under the terms of the Note and Mortgage. In 2016, Chase sent Hansen an acceleration warning and notice of intent to foreclose. On November 8, 2017, Chase filed a complaint in foreclosure against Hansen in the Delaware County Court of Common Pleas. Hansen filed an answer to the complaint.

{¶4} Chase filed a motion for summary judgment and default judgment, but withdrew the motions to participate in loss mitigation with Hansen. On May 21, 2018, Chase renewed its motions for summary judgment and default judgment. On May 25, 2018, Hansen filed a motion to dismiss and motion for recoupment. The trial court reviewed the motions and on October 9, 2018, the trial court denied Hansen's motions and granted Chase's motion for summary judgment, issuing a Decree of Foreclosure.

{¶5} Hansen filed a notice of appeal on November 8, 2018. She did not seek a stay of execution of the judgment during the appeal. Chase filed a notice of sale of the

property on November 30, 2018, and the property was sold to a third-party on December 18, 2018. On January 17, 2019, the trial court filed a judgment entry confirming the sale.

{¶6}   On February 22, 2019, Chase filed a motion to dismiss Hansen's appeal as moot.

## ASSIGNMENTS OF ERROR

{¶7}   Hansen raises two Assignments of Error:

{¶8}   "I. THE TRIAL COURT ERRED IN GRANTING JP MORGAN CHASE BANK NA'S MOTION FOR SUMMARY JUDGMENT.

{¶9}   "II. THE TRIAL COURT ERRED IN DENYING LYNN HANSEN'S MOTION FOR DISMISSAL AND RECOUPMENT."

## ANALYSIS

{¶10} Chase raises the issue that this Court does not have jurisdiction to consider Hansen's two Assignments of Error because they are moot based on the sale of the property and the distribution of the proceeds from the sale. We agree.

{¶11} "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, 2018 WL 3019219, ¶ 28 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); *Accord, North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 402, 30 L.Ed.2d 413.

{¶12} Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970). No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991).

{¶13} In this case, the trial court issued a decree in foreclosure but the record shows that Hansen did not seek a stay of execution with the trial court or this Court. While the appeal was pending, the property at issue was sold to a third-party after a sheriff's sale and the proceeds were distributed.

{¶14} Multiple appellate districts, including this Court, have held that an appeal of a foreclosure is moot once the property is sold and the proceeds are distributed. *Meadow Wind Health Care Ctr., Inc. v. McInnes*, 5th Dist. Stark No. 2002CA00319, 2003-Ohio-979; *PennyMac Loan Services, LLC v. Marker*, 7th Dist. Jefferson No. 18 JE 0024, 2019-Ohio-4088, 2019 WL 4898489, ¶ 29; *U.S. Bank Natl. Assn. v. Marcino*, 7th Dist. Jefferson No. 09 JE 2010, 2010-Ohio-6512; *U.S. Bank Trust National Association v. Janossy*, 2018-Ohio-2228, 114 N.E.3d 668 (8th Dist.); *Art's Rental Equip., Inc. v. Bear Creek Const., L.L.C.*, 1st Dist. Hamilton Nos. C-110544, C-110555, C-110558, C-110559, C-110564, C-110785, C-110792, C-110797, C-110798, C-110799, C-110800, C-110801, C-110808, C-120309, 2012-Ohio-5371.

{¶15} The duty of a court of appeals is to decide controversies between parties by a judgment which can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case. Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues. *Schwab v. Lattimore*, 1st Dist., 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 10 (Internal citations omitted).

{¶16} Because there is no remedy this Court can legally order and this Appeal constitutes only a request for an advisory ruling, we find this appeal is moot.

## CONCLUSION

{¶17} The appeal of the judgment of the Delaware County Court of Common Pleas is dismissed.

{¶18} Chase's motion to dismiss appeal as moot is granted.

By: Delaney, P.J.,

Baldwin, J. and

Wise, Earle, J., concur.