[Cite as *PrimeLending, A PlainsCapital Co. v. Milhoan*, 2020-Ohio-3703.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PRIMELENDING, A PLAINSCAPITAL COMPANY | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2019 CA 00115 |
| DEBRA E. MILHOAN, ET AL. | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
Pleas, Case No.  2019 CV 00781

JUDGMENT:                                        Dismissed

DATE OF JUDGMENT ENTRY:        July 14, 2020

APPEARANCES:

For Plaintiff-Appellee

RICK D. DEBLASIS
WILLIAM P. LEAMAN
LERNER, SAMPSON & ROTHFUSS
120 East Fourth Street, Suite 800
Cincinnati, Ohio  45202

For Defendants-Appellants

BRYAN D. THOMAS
THE LAW OFFICES OF
BRYAN D. THOMAS, LLC
490 City Park Avenue
Columbus, Ohio  43215

*Wise, John, J.*

**{¶1}** Defendant-Appellant Debra E. Milhoan appeals the October 8, 2019, decision of the Licking County Common Pleas Court denying her Civ.R. 60(B) motion to vacate default judgment entered in favor of Appellee PrimeLending.

STATEMENT OF THE CASE AND FACTS

**{¶2}** The relevant facts and procedural history are as follows:

**{¶3}** On July 30, 2019, Appellee PrimeLending, a PlainsCapital Company, filed a Complaint in Foreclosure based on an alleged default under the terms of a certain note and mortgage executed by Appellant Debra E. Milhoan and Roy E. Milhoan. The mortgage encumbers real property located at 800 Whitehead Drive, Pataskala, Licking County, Ohio. Mr. Milhoan passed away prior to the filing of the Complaint and was not named as a defendant in the case.

**{¶4}** Service of process was completed on all defendants. The Return of Service from the Licking County Sheriff states that the Sheriff's Deputy completed residence service on Appellant on July 31, 2019, by leaving a copy of the summons and copy of the Complaint at the mortgaged property with "Amber - Daughter-in-Law."

**{¶5}** Appellant did not respond to the Complaint.

**{¶6}** On September 4, 2019, Appellee PrimeLending filed a Motion for Default Judgment against Appellant Debra E. Milhoan.

**{¶7}** On September 5, 2019, the trial court granted the motion for default judgment.

**{¶8}** On September 19, 2019, Appellant filed a Motion to Vacate this Court's September 5, 2019 Judgment Entry, Pursuant to Civ.R. 60(B). In said Motion and

supporting Affidavit, Appellant claimed that she did not have notice of the case and asked that the trial court vacate the foreclosure judgment under Civ.R. 60(B)(1) and/or (5). In her Affidavit, Appellant testified that Amber did not reside at Appellant's premises at the time of the Motion to Vacate.

**{¶9}** On October 8, 2019, the trial court denied Appellant's Motion to Vacate, finding "Defendant's motion recites a list of various foreclosure defenses, but does not allege any operative facts to suggest any of these defenses apply in this case, nor does her affidavit support any alleged defense."

**{¶10}** On November 1, 2019, the mortgaged property was sold at Sheriff's sale to Hatfield Enterprises.

**{¶11}** On November 4, 2019, Appellant filed a Notice of Appeal from the trial court's order denying her Motion to Vacate.

**{¶12}** On November 6, 2019, Appellant filed a "Motion to Stay any and all Subsequent Foreclosure Proceedings and/or Confirmation of Sale until Resolution of Appeal Currently Pending in the Fifth Appellate District". The Motion to Stay requested a stay of all proceedings in the case, including the confirmation of the sale during her appeal, and asked the trial court to waive the bond requirement. The trial court granted Appellant's Motion to Stay, but conditioned the stay on the posting of a bond in the amount of $25,000.00.

**{¶13}** Appellant did not post the bond; nor did she challenge the amount of the bond in the trial court or this Court.

**{¶14}** On November 14, 2019, Appellant filed a Motion to Set Aside and/or Vacate the Sheriff Sale on October 31, 2019.

{¶15} On December 17, 2019, the trial court held a hearing on the motion.

{¶16} On December 18, 2019, the trial court denied the motion.

{¶17} On February 6, 2020, the trial court confirmed the sale and ordered distribution of the sale proceeds.

{¶18} Appellant did not ask the trial court to stay the distribution of the sale proceeds and did not appeal the confirmation entry.

{¶19} Appellant raises the following assignments of error[1] for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶20} "I. THE TRIAL COURT ERRED BY FAILING TO VACATE ITS SEPTEMBER 5, 2019 JUDGMENT ENTRY BASED ON CIV. R. 60(B)(1) AND/OR (5).

{¶21} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS SEPTEMBER 5, 2019 JUDGMENT ENTRY PURSUANT TO THE TRIAL COURT'S POLICY AND "LONGSTANDING PRACTICE" WITH RESPECT TO ADJUDICATING MATTERS ON THEIR MERITS AS OPPOSED TO PROCEDURAL DEFECTS.

{¶22} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS SEPTEMBER 5, 2019 ENTRY, WHEN IT FOUND THAT DEFENDANT DID NOT ASSERT MERITORIOUS DEFENSES.

{¶23} "IV. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS SEPTEMBER 5, 2019 ENTRY, BECAUSE DEFENDANT WAS NOT AFFORDED AN OPPORTUNITY TO RAISE HER VALID CLAIMS AND DEFENSES, INCLUDING, BUT

---

[1] We have taken Appellant's Assignments of Error from the Table of Contents rather than the Statement Regarding Assignments of Error as said Statement Regarding Assignments of Error and the following Statement of Issues Presented for Review reference "Huntington's Motion for Summary Judgment" and appear to address an entirely different case.

NOT LIMITED TO, THE VALIDITY OF THE MORTGAGE, THE APPRAISED VALUE OF THE PROPERTY, PREDATORY LENDING PRACTICES, THE AMOUNT ALLEGEDLY DUE AND OWING UNDER THE MORTGAGE, WHETHER PLAINTIFF VIOLATED THE REAL ESTATE SETTLEMENT PROCEDURES ACT AND/OR FAIR DEBT COLLECTION PRACTICES ACT, ALLOCATION OF PAYMENTS, EQUITABLE ESTOPPEL, BAD FAITH, AND/OR FRAUD."

**I., II., III., IV.**

**{¶24}** Upon review of the record, we find that Appellant failed to obtain a stay of execution after the trial court issued the decree in foreclosure, failed to request a stay of the distribution of proceeds, and failed to appeal the confirmation entry. Appellant also failed to post an appeal bond. While this appeal was pending, the property at issue was sold at sheriff's sale, the trial court confirmed the sale, and the proceeds were distributed. The judgment in this case has been satisfied.

**{¶25}** As a result, we find this appeal to be moot.

**{¶26}** "Mootness is a jurisdictional question because the Court "is not empowered to decide moot questions or abstract propositions." *JPMorgan Chase Bank NA v. Hansen*, 5th Dist. Delaware No. 18 CAE 11 0086, 2019-Ohio-4424; *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, 2018 WL 3019219, ¶ 28 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); *Accord*, *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Because mootness is a jurisdictional question, the question

of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 402, 30 L.Ed.2d 413.

{¶27} Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970). No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991).

{¶28} Multiple appellate districts, including this Court, have held that an appeal of a foreclosure is moot once the property is sold and the proceeds are distributed. *Meadow Wind Health Care Ctr., Inc. v. McInnes*, 5th Dist. Stark No. 2002CA00319, 2003-Ohio-979; *PennyMac Loan Services, LLC v. Marker*, 7th Dist. Jefferson No. 18 JE 0024, 2019-Ohio-4088, 2019 WL 4898489, ¶ 29; *U.S. Bank Natl. Assn. v. Marcino*, 7th Dist. Jefferson No. 09 JE 2010, 2010-Ohio-6512; *U.S. Bank Trust National Association v. Janossy*, 2018-Ohio-2228, 114 N.E.3d 668 (8th Dist.); *Art's Rental Equip., Inc. v. Bear Creek Const., L.L.C.*, 1st Dist. Hamilton Nos. C-110544, C-110555, C-110558, C-110559, C-110564, C-110785, C-110792, C-110797, C-110798, C-110799, C-110800, C-110801, C-110808, C-120309, 2012-Ohio-5371.

{¶29} The duty of a court of appeals is to decide controversies between parties by a judgment which can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case.

Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues. *Schwab v. Lattimore*, 1st Dist., 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 10 (Internal citations omitted).

**{¶30}** Because there is no remedy this Court can legally order and this appeal constitutes only a request for an advisory ruling, we find this appeal is moot.

**{¶31}** For the foregoing reasons, Appellant's appeal from the judgment of the Licking County Court of Common Pleas is dismissed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/k 0709