[Cite as *Wells Fargo Bank, N.A. v. Estate of Gallion*, 2024-Ohio-5954.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WELLS FARGO BANK, N.A. | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 24CA010 |
| ESTATE OF ROBERT GALLION, ET AL., | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Holmes County Court of Common Pleas, Case No. 22CV060 |
| JUDGMENT: | Appeal Dismissed |
| DATE OF JUDGMENT ENTRY: | December 20, 2024 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| KYLE R. GERLACH | ROBERT D. GALLION, JR. |
| Locke Lord, LLP | Belmont Correctional Institution |
| Anderson Center | P.O. Box 540 |
| 7850 Five Mile Road | St. Clairsville, Ohio 43950 |
| Cincinnati, Ohio 45320 | |
| | |
| NICHOLAS D. O'CONNER | |
| Locke Lord, LLP | |
| 111 S. Wacker Drive | |
| Chicago, Illinois 60606 | |

*Hoffman, P.J.*

**{¶1}**   Defendant-appellant Robert Gallion, Jr. appeals the judgment entered by the Holmes County Common Pleas Court overruling his "motion to stay of execution of all foreclosure judgment and to vacate void foreclosure degree, default judgment and order of sheriff's sale of the house."   Plaintiff-appellee is Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-HE1 Mortgage 'Pass-Through Certificates, Series 2005-HE1.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   The decedent Robert Gallion, Sr., who was Appellant's father, entered into a mortgage on a house in 2005.  The loan was modified in 2011, and assigned to Appellee in 2012.  In 2022, the loan went into default, and Appellee filed the instant foreclosure action against Robert Gallion, Sr.'s estate on September 21, 2022.  Appellant was served by publication.

**{¶3}**   Other than the Holmes County Treasurer, none of the defendants filed an answer.  Appellee moved for default judgment, which was granted on August 15, 2023. The trial court issued an order for the sale of the property on September 18, 2023, and the property was sold at sheriff's sale on November 9, 2023.  The trial court confirmed the sale and ordered distribution of the proceeds by judgment filed December 29, 2023.

**{¶4}**   On March 27, 2024, Appellant filed a "motion to stay of execution of all foreclosure judgment and to vacate void foreclosure degree, default judgment and order of sheriff's sale of the house."  The trial court overruled the motion.  It is from the May 3, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN DENYING THE MOTION TO STAY EXECUTION OF THE FORECLOSURE JUDGMENT, THE REQUEST TO VACATE VOID FORECLOSURE DECREE, THE DEFAULT JUDGMENT, AND THE ORDER OF SHERIFF'S SALE OF THE HOUSE.

{¶5}   In the instant case, the property foreclosed upon was sold and the proceeds distributed prior to Appellant's motion to vacate and prior to this appeal.  We find the sale of the property renders this appeal moot.

{¶6}   Multiple appellate districts, including this Court, have held an appeal of a foreclosure is moot once the property is sold and the proceeds are distributed. *See, e.g., PrimeLending, a PlainsCapital Co. v. Milhoan,* 2020-Ohio-3703, ¶28 (5th Dist.)*; Meadow Wind Health Care Ctr., Inc. v. McInnes*, 2003-Ohio-979 (5th Dist.); *PennyMac Loan Services, LLC v. Marker*, 2019-Ohio-4088 (7th Dist.); *U.S. Bank Trust National Association v. Janossy,* 2018-Ohio-2228, (8th Dist.); *Art's Rental Equip., Inc. v. Bear Creek Const., L.L.C.,* 2012-Ohio-5371 (1st Dist.).

{¶7}   The duty of a court of appeals is to decide controversies between parties by a judgment which can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law which cannot affect the issues in a case. Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues. *PrimeLending, supra*, at ¶28.

{¶8}   The appeal is dismissed.

By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur