[Cite as *Mannogg v. Randolph*, 2019-Ohio-693.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PHILIP M. MANOGG | JUDGES: |
| | Hon. William B. Hoffman, P.J |
| Plaintiff – Appellant | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18-CA-0101 |
| JANELLE RANDOLPH | |
| | |
| Defendant – Appellee | O P I N IO N |


CHARACTER OF PROCEEDINGS:  Appeal from the Licking County Court of
              Common Pleas, Case No. 18CVG01503


JUDGMENT:         Appeal Dismissed

DATE OF JUDGMENT ENTRY:   February 25, 2019


APPEARANCES:


For Plaintiff-Appellant       For Defendant-Appellee

PHILIP M. MANOGG       No Appearance
P.O. Box 855
Newark, Ohio  43058-0855

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Philip Manogg appeals the September 28, 2018 Judgment Entry entered by the Licking County Municipal Court, which granted his motion for default judgment against defendant-appellee Janelle Randolph, awarded judgment against Appellee in the amount of $3,192.00, and "presumed" he was the real party in interest.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On October 6, 2017, Appellant and Appellee Janelle Randolph executed a Lease/Rental Agreement for an apartment located at 35 ½ Boner Street, Newark, Ohio. The Agreement lists the parties as "Philip M. Manogg, Sub lessor" and "Residents [sic] Janelle Joyce Randolph". Appellant signed the Agreement on the signature line designated for the property manager. Next to his signature, Appellant identified himself as "sub lessor".

**{¶3}** On May 24, 2018, Appellant filed a complaint for forcible entry and detainer and recovery of unpaid rent or other money damages in the Licking County Municipal Court. Appellee did not file an answer. The magistrate conducted an eviction hearing on June 6, 2018. Appellee failed to appear at the hearing. Via decision filed June 6, 2018, the magistrate found Appellee was properly served with Notice to Vacate and Appellant had proven non-payment of rent by a preponderance of the evidence. The magistrate granted judgment in favor of Appellant for restitution and costs. The trial court adopted the magistrate's decision via judgment entry filed June 12, 2018.

**{¶4}** Appellant filed a motion for default judgment with respect to his second cause of action for unpaid rent and damages on August 22, 2018. The trial court scheduled a hearing on the motion for September 27, 2018, indicating "[t]he purpose of

the oral hearing is to determine whether plaintiff is actually a real party in interest in this matter or is engaged in an unauthorized practice of law." September 5, 2018 Judgment Entry.

{¶5}    The trial court conducted a hearing on September 27, 2018, and addressed Appellant as follow:

So, Mr. Manogg, I think I indicated on the notice why I wanted to have the hearing and that is that we have had over the last couple of years, I don't know, eight or ten or more of these cases where you assert that you are a sub-lessor of the owner of the real estate and as such you are the real party in interest in bringing and maintaining these eviction actions and of course the court is aware of the fact that you are no longer authorized to practice law in the State of Ohio for whatever reason, * * * but I know you are not authorized to practice law. So I set this down for a hearing today to determine in fact whether you are the real party in interest or not and I have no problem whatsoever with a sub-tenant who has a right to be a sub-tenant maintaining an action against a sub-sub-tenant, if you will, but I am not convinced that frankly you are * * * So what do you have to say about that?

Tr. Sept. 27, 2018 Hearing at 2.

{¶6}    Appellant testified he has a lease with the landlord of the Property. Appellant attached a copy of a Master Lease/Rental Agreement for property located at 35-39 Boner Street, Newark, Ohio, to the affidavit he submitted to the trial court.  The

parties to the Master Lease/Rental Agreement are "MARV, LTD. Aka MARV LLC, an Ohio Limited Liability Company (Lessor) and Philip M. Manogg, (Lessee)." Appellant informed the trial court he is a managing member of the corporate entity MARV LLC. The trial court took the matter under advisement.

{¶7} Via Judgment Entry filed September 28, 2018, the trial court awarded judgment against Appellee in the amount of $3,192.00, plus interest and costs. The trial court also indicated it was "unable to ascertain with certainty whether [Appellant] was or was not the real party in interest," but "[b]eing unable to do so it . . . presumed based upon the affidavits filed herein that he [was] in fact a real party in interest." Sept. 28, 2018 Judgment Entry.

{¶8} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED WHEN IT FAILED TO FULLY ADJUDICATE THE ISSUE (RAISED BY THE TRIAL COURT ITSELF), AS TO WHETHER OR NOT PLAINTIFF/APPELLANT WAS A REAL PARTY IN INTEREST. [SEE ENTRY FILED 9/05/18 AND ENTRY FILED 09/28/18].

II. THE TRIAL COURT ERRED WHEN IT FAILED TO FULLY ADJUDICATE THE ISSUE OF WHETHER PLAINTIFF/APPELLANT WAS ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW. [SEE ENTRY FILED 9/05/18 AND ENTRY FILED 9/28/18].

I, II

{¶9} We choose to address Appellant's assignment of error together. In his first assignment of error, Appellant maintains the trial court erred in failing to fully adjudicate the issue of whether he was a real party in interest. In his second assignment of error, Appellant contends the trial court erred in failing to fully adjudicate the issue of whether he engaged in the unauthorized practice of law.

{¶10} In its September 5, 2018 Judgment Entry, the trial court scheduled a hearing for September 27, 2018, noting, "[t]he purpose of the oral hearing is to determine whether plaintiff is actually a real party in interest in this matter *or* is engaged in an unauthorized practice of law." (Emphasis added).

{¶11} As set forth, supra, the trial court awarded judgment against Appellee, but observed it was "unable to ascertain with certainty whether [Appellant] was or was not the real party in interest," but "[b]eing unable to do so it . . . presumed based upon the affidavits filed herein that he [was] in fact a real party in interest." Sept. 28, 2018 Judgment Entry. The trial court did not make a determination as to whether Appellant was engaged in the unauthorized practice of law.

{¶12} In his Brief to this Court, Appellant asserts:

Appellant has a right to know based on the evidence presented whether or not as a conclusion of law (i.e. res judicata), that he is or is not a real party in interest. The next trial Court may not make such a "presumption" and it if [sic] fails to do so the next trial Court either strike/dismiss Appellant's next forcible entry and detainer action or as this

Trial Court did threaten Appellant with an unauthorized practice of law charge. Brief of Appellant at 6.

**{¶13}** We find Appellant has no such "right to know" as he claims. Appellant seeks an advisory opinion about a speculative possible future event/controversy.

**{¶14}** The duty of a court of appeals is to decide controversies between parties by a judgment which can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case. Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues." *Schwab v. Lattimore*, 1st Dist. No. C–050874, 166 Ohio App.3d 12, 2006–Ohio–1372, 848 N.E.2d 912, ¶ 10 (Internal citations omitted).

**{¶15}** Because there is no remedy this Court can legally order and this Appeal constitutes only a request for an advisory ruling, we order it dismissed.

By: Hoffman, P.J.
Wise, J. and
Baldwin, J. concur