[Cite as *In re Estate of DeChellis*, 2019-Ohio-1743.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: ESTATE OF PHILIP JOHN DECHELLIS | : : : : : : : : : : : : : | JUDGES:<br><br>Hon. W. Scott Gwin, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J.<br><br>Case No. 2018CA00152<br><br><br><br><br><br>O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of Common Pleas, Probate Division, Case Nos. 228240, 226759

JUDGMENT: DISMISSED

DATE OF JUDGMENT ENTRY: May 6, 2019

APPEARANCES:

For Appellant:

CRAIG T. CONLEY
604 Huntington Plaza
220 Market Ave. South
Canton, OH 44702

For Appellee:

STANLEY R. RUBIN
437 Market Ave. N.
Canton, OH 44702

*Delaney, J.*

{¶1}   Appellants Patricia DeChellis and Daniel DeChellis appeal the October 10, 2018 judgment entry of the Stark County Court of Common Pleas, Probate Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The Last Will and Testament of Decedent Philip John DeChellis was admitted to probate on August 1, 2016 in the Stark County Court of Common Pleas, Probate Division. On August 10, 2016, the Probate Court appointed Appellee Ann Heffner as fiduciary of Decedent's estate. Appellants are beneficiaries to the estate.

{¶3}   On February 13, 2018, Appellants filed a Motion to Remove Estate Fiduciary. Appellants filed supplemental memorandums on February 16, 2018, March 2, 2018, April 5, 2018, April 19, 2018, April 20, 2018, April 25, 2018, and April 26, 2018. Appellee filed a response on February 20, 2018. Appellants filed a supplemental memorandum on May 4, 2018. Appellee replied on May 7, 2018. Appellants filed supplemental memorandums on May 9, 2018 and May 24, 2018.

{¶4}   Appellants renewed their Emergency Motion for Immediate Removal of Estate Fiduciary on June 14, 2018. On July 10, 2018, the Probate Court held a hearing Appellants' motions to remove the fiduciary.

{¶5}   Appellants filed multiple memorandums in support of their motion after the trial court's hearing.

{¶6}   On October 10, 2018, the Probate Court denied Appellants' motion to remove Appellee as fiduciary, but it did appoint Attorney David Dingwell as Special Court Investigator and Special Commissioner.

{¶7}   Appellants appealed the October 10, 2018 judgment entry to this Court in Case No. 2018CA00152.

{¶8}   On March 13, 2019, the Probate Court issued a judgment entry removing Appellee as fiduciary. The trial court appointed Attorney David Dingwell as Administrator W.W.A. for the purpose of completing the administration of the estate.

### ASSIGNMENT OF ERROR

{¶9}   Appellants raise one Assignment of Error:

{¶10} "THE TRIAL COURT BELOW ERRED IN DENYING APPELLANTS' MOTION TO REMOVE ESTATE FIDUCIARY."

### ANALYSIS

{¶11} In their sole Assignment of Error, Appellants contend the trial court erred when it denied their motion to remove Appellee as fiduciary of the estate. On March 13, 2019, the Probate Court removed Appellee as fiduciary of the estate.

{¶12} The duty of a court of appeals is to decide controversies between parties by a judgment which can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case. Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues." *Manogg v. Randolph*, 5th Dist. Licking No. 18-CA-0101, 2019-Ohio-693, 2019 WL 978682, ¶¶ 14-15 citing *Schwab v. Lattimore*, 1st Dist. No. C–050874, 166 Ohio App.3d 12, 2006–Ohio–1372, 848 N.E.2d 912, ¶ 10 (Internal citations omitted).

{¶13} On March 13, 2019, the Probate Court issued the remedy Appellants sought from the Fifth District Court of Appeals. Because there is no remedy this Court can legally

order and this appeal constitutes only a request for an advisory ruling, we order it dismissed.

{¶14} Appellants' sole Assignment of Error is overruled.

## CONCLUSION

{¶15} Appellants' appeal of the October 10, 2018 judgment entry of the Stark County Court of Common Pleas, Probate Division, is dismissed as moot.


By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.