[Cite as *State ex rel. Crilley v. Lowellville Bd. of Edn.*, 2021-Ohio-3333.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO, EX REL. CHRISTOPHER CRILLEY ET AL.,

Plaintiffs-Appellants,

v.

LOWELLVILLE BOARD OF EDUCATION,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 MA 0128

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CV 1363

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Moot in part. Reversed and Remanded in part.

---

*Atty. Robert T. McDowall, Jr.,* 415 Wyndcliff Place, Youngstown, Ohio 44515, for Plaintiffs-Appellants and

*Atty. Thomas C. Holmes,* Holmes Legal Services, 34194 Aurora Road, Suite 295, Solon, Ohio 44139, for Defendant-Appellee.

Dated:  September 17, 2021

_____

**D'Apolito, J.**

{¶1}    Plaintiffs-Appellants Christopher and Gina Crilley appeal the judgment entry of the Mahoning County Court of Common Pleas following a bench trial.  The trial court found that Defendant-Appellee Lowellville Board of Education violated the Open Meetings Act, R.C. 121.22 ("OMA"), by failing to provide the requisite statutory notice of a special meeting of the Board on August 10, 2020. In the judgment entry, the trial court issued an injunction ordering the Board to "formulate, adopt, and abide by a rule consistent with R.C. 121.22(F) whereby any person may determine the time and place of all regularly scheduled meetings," and awarded a civil forfeiture in the amount of $500.00, plus costs to Appellants.

{¶2}    Despite the trial court's conclusion that an OMA violation occurred, the trial court denied Appellants' request for statutory attorney's fees and declaratory relief. Specifically, the trial court declined to invalidate and declare null and void a resolution by the Board adopting an amended school reopening plan at the special meeting on August 10, 2020.  The trial court reasoned that a prior resolution of the Board, which adopted the Superintendent's original reopening plan on July 27, 2020, vested complete discretion in the Superintendent to alter or amend the original reopening plan at any time prior to or during the 2020-2021 school year.

{¶3}    Appellants advance two assignments of error.  First, Appellants contend that the trial court erred in failing to void the Board's adoption of the amended reopening plan at the August 10, 2020 meeting.  Appellants argue that the trial court erred in concluding that the original reopening plan vested complete discretion in the Superintendent to alter or amend the original plan.  Assuming arguendo that the Superintendent was vested with such authority, Appellants argue, in the alternative, that his decision to alter or amend the original plan outside the boundaries of a properly-noticed special meeting of the Board constituted a violation of the OMA, although the foregoing argument was not advanced in the complaint.  Appellants further argue that the July 27, 2020 meeting, in which the Board vested complete discretion in the

Case No. 20 MA 0128

Superintendent, was conducted in violation of the OMA, despite the fact that no OMA challenge to the July 27, 2020 special meeting was alleged in the complaint. In their second assignment of error, Appellants allege that the trial court erred when it failed to articulate any rationale to support the decision to deny attorney's fees to Appellants.

{¶4} For the following reasons, we find that the appeal of the trial court's refusal to void the Board's adoption of the amended school reopening plan for the 2020-2021 school year at the August 10, 2020 special meeting is moot. Further, we reverse the trial court's denial of Appellant's request for attorney's fees, and remand this matter in order for the trial court to provide an analysis applying the two-part statutory test in R.C. 121.22(I)(2)(a).

## FACTS

{¶5} In March of 2020, Governor Michael DeWine closed public schools in Ohio in favor of remote learning due to the COVID-19 outbreak. On June 19, 2020, H.B. 164 was enacted and required school districts in Ohio to provide certain plan information to the Department of Education ("ODE") should the school district plan to utilize remote learning during any part of the 2020-2021 school year.

{¶6} The ODE provided guidance to local school boards regarding the requirements in H.B. 164 in a publication captioned "Planning for Blended or Remote Learning," which was admitted into evidence at the bench trial. The final inquiry under the caption, "Frequently Asked Questions," reads, in its entirety:

> ARE SCHOOLS REQUIRED TO OBTAIN LOCAL SCHOOL BOARD APPROVAL FOR REOPENING PLANS OR REVISIONS TO REOPENING PLANS?
>
> Obtaining local school board approval for reopening plans is not a statutory requirement, although doing so is advisable and would be considered by the [ODE] to be the best practice.

{¶7} On July 27, 2020, the Board held a special meeting in order to review, approve, and adopt a comprehensive school reopening plan. Approximately 100 people

were in attendance. The presentation of the proposed plan was made almost exclusively by the Superintendent and he conducted an interactive question-and-answer session with both the Board and the public.

{¶8}  The plan, which was adopted by the Board at the July 27, 2020 special meeting, included an option for either in-person attendance or remote learning for the entirety of the rapidly-approaching school year. A deadline of August 10, 2020 was set for parents to select either the in-school or online modality for their child or children.

{¶9}  However, the reopening plan adopted at the July 27, 2020 special meeting reads, in pertinent part:

> This is a working document.  Any and all future changes will be made in accordance to changing health recommendations, state guidelines, or district needs *as determined by Superintendent of Schools.*  Also, these guidelines were developed today and knowingly, at any given date and/or time, let alone four weeks out, an increased outbreak and/or spike in numbers and/or local infection(s) can change the opening of the 2020-2021 school year.  PLEASE, read the plan regularly for changes and feel free to call the Superintendent * * * if you have any questions.

(Emphasis added).

{¶10}  The reopening plan was submitted on an ODE Form, dated July 22, 2020, and was admitted into evidence.  The form language reads, in pertinent part:

> NOTE:  As the school year proceeds and circumstances evolve, school districts are able to amend their respective remote learning plans to address changing needs.  District superintendents are able to make amendments to the remote learning plan on behalf of school districts without any additional local school board approval.  Amended plans, however, must be resubmitted to ODE by email * * *

{¶11}  The Superintendent testified that he decided to amend the reopening plan due to safety concerns and financial issues. After a conversation with the teachers' union

Case No. 20 MA 0128

president, the Superintendent learned that many teachers were at risk and unable to participate in the in-class modality. Further, as of August 10, 2020, twenty to twenty five percent of the students had reported that they suffered from underlying health conditions.

**{¶12}** The Superintendent further testified that he determined the cost to hire substitute teachers would be overwhelming, in excess of $1,000,000.00, a problem compounded by the shortage of substitute teachers in Mahoning County, as well as statewide, for many years. The Superintendent also cited cleaning costs ($1.50 per square foot for a 100,000 square foot building), in the event of an outbreak.

**{¶13}** On August 10, 2020, the Board held a special meeting, which the trial court concluded was conducted in violation of the statutory notice provisions of the OMA. R.C. 121.22(A) reads that the OMA is to be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law. R.C. 121.22(F) reads, in pertinent part, "Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings."

**{¶14}** The Board rule concerning public notice of special meetings reads, in relevant part, "Notice of the time, place and purpose must also be given at least 24 hours in advance of the meeting to all news media and individuals who have requested such notice." Testimony at the trial established that notice was published in the local newspaper and the agenda for special meetings was posted on the school district's website. Further, both the Superintendent and the Treasurer testified that the Board rule was adopted without revision from a model rule drafted by the Ohio School Board Association.

**{¶15}** The notice for the August 10, 2020 special meeting provided to the Tribune Chronicle reads, in its entirety, "The Lowellville Board of Education will hold a Special Board Meeting, Monday, August 10, 2020 at 5:30 p.m. in the Cafetorium." Through no fault of the Board, the Tribune failed to publish the notice.

**{¶16}** Further, although testimony established that the agenda for special meetings is typically posted on the school district's website, the agenda for the August 10th special meeting included no mention of the amendment to the original reopening

Case No. 20 MA 0128

plan. As a consequence, the trial court concluded that the Board's rule and the notice regarding the August 10, 2020 special meeting violated the OMA.

{¶17} The meeting began at 5:32 p.m. at which time the Board immediately moved into an executive session, which lasted until 8:06 p.m. The stated purpose of the meeting was the potential employment of a cafeteria worker. When the Board returned from the roughly two-and-a-half-hour executive session, four resolutions were enacted in the three minutes remaining in the meeting, including a unanimous resolution to approve remote learning as the exclusive modality for the first nine weeks of the 2020-2021 school year, and to delay the start of online classes to August 31, 2020.

{¶18} The Superintendent issued a press release, immediately following adjournment of the August 10, 2020 meeting to announce the amendment of the original reopening plan, which reads, in relevant part:

> The Lowellville Board of Education announces that the 2020-2021 school year will begin "remotely" the first nine weeks on August 31, 2020 (Delayed one week from August 24th). As such we believe that the best education is when the teachers and students are face-to-face, we want to get there as safely and quickly as we can. Unfortunately, with the number of students and staff members that are at-risk and not planning to return to the school on August 24th, we were compelled to hedge on the side of caution and safety for everyone and switch to remote learning which will allow us to return to face-to-face instruction as soon as it is feasible (emphasis added).

{¶19} The trial court opined:

> The "rule" which the Board refers to regarding the manner in which it provides notice of special meeting actually is silent as to any method or manner of notifying the general public of the time, place, and purpose of special meetings. While evidence has been adduced regarding the practices which the Board ordinarily adopts to provide notice to the public, the same is subject to uncertainty and inconsistent application which the legislature intended to avoid in enacting R.C. 121.22. Furthermore, in failing

Case No. 20 MA 0128

to notify the print media of the purpose of the special meetings, the Board also acts in derogation of the statute. The Magistrate finds that [Appellants] have established their right to injunctive relief by clear and convincing evidence.

In light of the foregoing finding, the special meeting conducted August 10, 2020 was held in violation of the [OMA].  Therefore, under ordinary circumstances the Magistrate would declare the action of the Board in "approving" the decision of Superintendent Thomas to adopt remote learning for the first nine weeks of the school year to be invalid pursuant to R.C. 121.22(H).  However, the analysis does not end there.  First, the "reopening Plan" approved unanimously by the Board on July 27, 2020 vested the Superintendent with the sole, unfettered discretion to adopt a remote learning plan without any Board approval, whatsoever. Therefore, any "action" taken by the Board regarding the Superintendent's decision was, and remains a nullity without any legal significance at all.  Equity will not permit a court to do a vain and useless thing.  The decision of the Superintendent to adopt a remote learning plan for the first nine weeks of the school year is a legitimate exercise of this power and will not be disturbed by the Magistrate.

(10/29/20 J.E., p. 4.)

{¶20} The trial court declined to award attorney's fees to either party, and, pursuant to R.C. 121.22(I)(2), awarded statutory damages in the form of civil forfeiture in the amount of $500.00.  This timely appeal followed.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED BY FAILING TO INVALIDATE THE SCHOOL'S REOPENING PLAN BECAUSE IT WAS ENACTED AND IMPLEMENTED IN DEROGATION OF THE OPEN MEETINGS ACT (OMA).**

Case No. 20 MA 0128

**{¶21}** The trial court found that Appellant committed a violation of OMA, due to its failure to comply with the statutory notice requirements prior to the August 10, 2020 special meeting. However, the trial court declined to invalidate the Board's action at the August 10, 2020 special meeting, concluding that the adoption by the Board of the amended plan was merely ceremonial, because the Superintendent could amend or alter the plan at any time pursuant to the discretion granted to him in the original school reopening plan. Appellants ask us to review the trial court's decision regarding the requested invalidation of the Board's adoption of the amended school reopening plan, and corresponding arguments challenging the Superintendent's unfettered discretion, despite the fact that any decision rendered here would have no practical effect.

**{¶22}** The mootness doctrine provides, " 'American courts will not decide * * * cases in which there is no longer any actual controversy.' " *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37, citing Black's Law Dictionary 1100 (9th Ed.2009). " 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " *Huntington Natl. Bank v. CPW Properties, Ltd.*, 7th Dist. Carroll No. 17 CA 0917, 2018-Ohio-1219, ¶ 5, appeal not allowed sub nom. *Huntington Natl. Bank v. CPW Properties, Ltd.*, 153 Ohio St.3d 1452, 2018-Ohio-3026, 103 N.E.3d 831 (2018), quoting *Culver v. City of Warren*, 84 Ohio App. 373, 393, 83 N.E.2d 82, 91 (7th Dist.1948).

**{¶23}** "However, courts are vested with the jurisdiction to address moot issues when such issues are capable of repetition yet evade review." *Citizens Word v. Canfield Twp.*, 152 Ohio App.3d 252, 2003-Ohio-1604, 787 N.E.2d 104, ¶ 8 (7th Dist.), citing *State ex rel. Plain Dealer Publishing Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1988), paragraph one of the syllabus. "Courts are also vested with jurisdiction to address moot issues when those issues concern an important public right or a matter of great public or general interest." *Id.*, citing *In re Appeal of Huffer*, 47 Ohio St.3d 12, 14, 546 N.E.2d 1308 (1989).

**{¶24}** Any possible remedy in this case was foreclosed at the conclusion of the ninth week of the school year. Moreover, the power granted to the Superintendent to

amend the original reopening plan, as well as the requirements of the emergency legislation enacted to govern the reopening of the schools in Ohio for the 2020-2021 school year, terminated at the conclusion of the school year and have no continuing legal effect. Due to the unique set of facts in this case, we find that Appellants seek an advisory opinion on a remedy with no practical legal effect, and their first assignment of error is moot.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE AN AWARD OF ATTORNEY FEES AFTER PLAINTIFFS ESTABLISHED A CLEAR OPEN MEETING ACT VIOLATION.**

{¶25} R.C. 121.22(I) reads, in relevant part:

(1) Any person may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.

(2)(a) If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees. The court, in its discretion, may reduce an award of attorney's fees to the party that sought the injunction or not award attorney's fees to that party if the court determines both of the following:

(i) That, based on the ordinary application of statutory law and case law as it existed at the time of violation or threatened violation that was the basis

of the injunction, a well-informed public body reasonably would believe that the public body was not violating or threatening to violate this section;

(ii) That a well-informed public body reasonably would believe that the conduct or threatened conduct that was the basis of the injunction would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

Attorney's fees are mandatory unless the trial court concludes that neither of the prongs in R.C. 121.22(I)(2)(a) applies.

**{¶26}** We review a decision regarding attorney's fees in an OMA case for an abuse of discretion. *State ex rel. Jones v. Dayton Pub. Schools Bd. Of Edn.*, 2nd Dist. No. 28637, 2020-Ohio-4931, 160 N.E.3d 777, ¶ 50, cause dismissed sub nom. *State ex rel. Jones v. Dayton Pub. Schools Bd. of Edn.*, 163 Ohio St.3d 1422, 2021-Ohio-1580, 167 N.E.3d 991, ¶ 50, and appeal not allowed sub nom. *State ex rel. Jones v. Dayton Pub. Schools Bd. of Edn.*, 163 Ohio St.3d 1422, 2021-Ohio-1580, 167 N.E.3d 991, ¶ 50; see also *Specht v. Finnegan*, 149 Ohio App.3d 201, 2002-Ohio-4660, 776 N.E.2d 564, ¶ 42 (6th Dist.); *Mathews v. E. Local School Dist.*, 4th Dist. Pike No. 00CA647, 2001-Ohio-2372. An abuse of discretion means that the court's attitude is "unreasonable, arbitrary or unconscionable." *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* Decisions are unreasonable where no sound reasoning process would support them." *Id.*

**{¶27}** The magistrate's decision merely parrots the statutory language regarding attorney's fees and costs, but offers no explanation for the refusal to award attorney's fees and costs in this case. Insofar as the trial court parrots the magistrate's decision into the judgment entry, the judgment entry likewise contains no rationale for the trial court's decision. As a consequence, we find that Appellant's second assignment of error has merit as the trial court acted unreasonably in summarily denying attorney's fees. Accordingly, this matter is remanded with instructions to the trial court to apply the two-part statutory test in R.C. 121.22(I)(2)(a).

## CONCLUSION

{¶28}  For the foregoing reasons, we find that the above-captioned appeal is moot, to the extent that it is predicated upon the trial court's refusal to void the Board's adoption of the amended school reopening plan for the 2020-2021 school year.  We reverse the trial court's decision to deny attorney's fees and remand the matter in order for the trial court to apply the two-part statutory test in R.C. 121.22(I)(2)(a).


Donofrio, P.J., concurs.

Waite, J., concurs.

For the reasons stated in the Opinion rendered herein, we find that the appeal of the trial court's refusal to void the Board's adoption of the amended school reopening plan for the 2020-2021 school year is moot. We reverse the trial court's denial of Appellant's request for attorney's fees, and remand this matter to the Court of Common Pleas of Mahoning County, Ohio, for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**