[Cite as *Gibsonburg Health, L.L.C. v. Miniet*, 2018-Ohio-3510.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Gibsonburg Health, LLC
 d/b/a Windsor Lane Health Care

Court of Appeals No. S-17-015

Trial Court No. 13CVF00168

Appellee

v.

Elena Miniet

**DECISION AND JUDGMENT**

Appellant

Decided:  August 31, 2018

* * * * *

David S. Brown and W. Cory Phillips, for appellee.

Stephen D. Hartman, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Elena Miniet, appeals from the March 8, 2017 judgment of the Sandusky County Court, District No. 2, ordering her out-of-state attorney-in-fact to produce the documents requested in a subpoena.  For the reasons which follow, we reverse.

**{¶ 2}** In 2013, appellee sued appellant and a judgment for damages of $13,837 was awarded to appellee. The trial court's judgment was affirmed on appeal. *Gibsonburg Health, LLC v. Miniet*, 6th Dist. Sandusky No. S-14-023, 2015-Ohio-1863.

**{¶ 3}** While collecting its judgment, appellee sought post-judgment discovery under the Civil Rules and served a subpoena duces tecum on appellant's son and attorney-in-fact, Jorge Rodriguez, a non-party who resides in New York. After numerous unsuccessful attempts, appellee had a subpoena issued by the Sandusky County Court on December 5, 2016, requesting copies of specific federal income tax returns and bank account statements, as well as the power of attorney document appointing Rodriguez, which appellee mailed to Rodriguez. Pursuant to the Uniform Interstate Depositions and Discovery Act adopted by New York, N.Y.Civ.R. 3119, appellee also had a subpoena duces tecum issued to Rodriguez at his office by the county clerk of New York County Court on December 14, 2016. Rodriguez refused to comply with either subpoena asserting to appellee that the subpoenas were invalid and not properly served.

**{¶ 4}** Appellee filed a motion with the Sandusky County Court to compel Rodriguez to respond to appellee's subpoenas. On March 8, 2017, the trial court granted appellee's motion to compel and ordered Rodriguez to respond to appellee's first subpoena on or before March 30, 2017, and ordered the payment of a monetary sanction in an amount to be determined by evidence from appellee as to the expense incurred by appellee regarding its motion to compel a response to the subpoena. Appellant sought a timely appeal to this court.

2.

**{¶ 5}** On September 6, 2017, this court found that the portion of the judgment finding Rodriguez in contempt was not a final, appealable order because the trial court had not yet determined the amount of the sanction. However, we found the order compelling discovery of allegedly privileged documents is a final, appealable order and appellant has standing to appeal because she was aggrieved by the trial court's judgment.

**{¶ 6}** On appeal, appellant asserts the following assignments of error:

1) The trial court's March 8, 2017 Order improperly asserted jurisdiction over Appellants' out-of-state attorney Jorge Rodriguez.

2) The trial court's Order violated due process and the privileges and immunities clauses of the Ohio and U. S. constitutions.

3) The trial court's Order of March 8, 2017 violated Ohio, New York, and Federal law, including the full faith and credit clause of the U.S. Constitution.

**{¶ 7}** In her first assignment of error, appellant presents numerous arguments, including the argument that an Ohio court does not have authority to enforce an out-of-state subpoena issued pursuant to the Uniform Interstate Deposition and Discovery Act. Appellee's responsive brief did not address this issue.

**{¶ 8}** We agree with appellant that while Civ.R. 45 gives a court the power to subpoena nonparties, an Ohio court's subpoena power does not reach out-of-state non-parties. *See Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 133, 519 N.E.2d 370 (1988); *Abraham v. Werner Ents.*, 6th Dist. Erie No. E-02-013, 2003-

3.

Ohio-3091, ¶ 33. However, a party may serve a subpoena upon an out-of-state non-party under the Uniform Interstate Depositions and Discovery Act if that state where the non-party resides has adopted the act. The act sets forth the procedure to be followed to have the local clerk of court serve the requested subpoena. *See* R.C. 2319.09(C); N.Y. CLS CPLR 3119(b). Judicial review of the subpoena process occurs only when there is an objection to the subpoena or a need for enforcement. *DeSalle v. Walmart Stores Inc.*, 2016-Ohio-5096, 70 N.E.3d 185, ¶ 22 (3d Dist.), fn. 2, quoting N.Y. CLS CPLR 3119(d) and (e).

{¶ 9} If a person objects to the subpoena or a party seeks to enforce the subpoena, that party must file a motion in the "court in the county in which discovery is to be conducted." N.Y. CPLR 3119(e). The Eight District Court of Appeals has recognized the parallel interest of an Ohio court to supervise compliance with a subpoena it has issued under Ohio's Uniform Dispositions and Discovery Act. R.C. 2319.09(F); *O'Donnell v. Cooper Tire & Rubber Co.*, 3d Dist. Hancock No. 5-16-05, 2016-Ohio-5097, ¶ 32-34. *Compare Hyatt v. State of California Franchise Tax Bd.*, 105 A.D.3d 186, 199-201, 962 N.Y.S.2d 282 (2013) (involving the enforcement of a subpoena issued by a California court based on the request of the New York tax board).

{¶ 10} Therefore, we find the out-of-state subpoena must be enforced in the New York county court which issued the subpoena and the Sandusky County court lacked territorial jurisdiction to resolve the issue. We further find appellant's first assignment of error well-taken and the remaining assignments of error are rendered moot.

4.

{¶ 11} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Sandusky County Court, District No. 2, is reversed and vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.