[Cite as *Ohio Dept. of Taxation v. Skeels*, 2024-Ohio-5000.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO, DEPT. OF TAXATION,

Plaintiff-Appellee,

v.

MIKE W. SKEELS,

Defendant,

AND

STELLANTIS FINANCIAL SERVICES, INC.,

Non-Party Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0006**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 22 SJ 291

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Moot.

---

*Atty. James W. Sandy* and *Atty. Taylor Bennington,* McGlinchey Stafford, for Non-Party Appellant, Stellantis Financial Services, Inc.

Dated: October 16, 2024

**DICKEY, J.**

{¶1} Nonresident-Nonparty-Appellant, Stellantis Financial Services, Inc. ("SFS"), appeals the judgment entry of the Columbiana County Court of Common Pleas sustaining the motion to compel SFS to respond to a subpoena duces tecum and for sanctions filed by Plaintiff-Appellee, Ohio Department of Taxation ("Department"), in this action to collect on a judgment. The subpoena requests financial information pertaining to Defendant, Mike W. Skeels.

{¶2} The Department served the subpoena at issue in this appeal on SFS's Ohio statutory agent. The trial court opined its territorial subpoena power extends to SFS because SFS was served in Ohio, and SFS has sufficient minimum contacts with the state of Ohio to comport with due process. SFS argues the plain language of Ohio's long-arm statute does not extend a trial court's power to enforce subpoenas issued to a nonresident nonparty, and the subpoena should have been issued in conformity with the Uniform Interstate Depositions and Discovery Act, R.C. 2319.09, which had an effective date of 2016 ("UIDDA"). Because there is no live controversy, we find this appeal is moot, and the "capable of repetition, but evading review" exception to the mootness doctrine does not apply.

## FACTS AND PROCEDURAL HISTORY

{¶3} This action was instituted by the Department on February 3, 2022 to collect a sum of $1,986.28 resulting from a judgment lien predicated upon Defendant's failure to pay personal income tax. On September 28, 2023, the Department served the subpoena at issue on SFS's Ohio statutory agent, Corporation Service Company.

{¶4} The subpoena reads, in relevant part:

> You are ordered to appear before the Court of Common Pleas of
> Columbiana County, Lisbon, Ohio on the 31 day of October, A.D. 2023 at
> 2:00 o'clock p.m. to testify as a witness in the above entitled action on behalf
> of the State of Ohio Department of Taxation.
>
> YOU ARE FURTHER ORDERED TO BRING WITH YOU:

Case No. 24 CO 0006

The credit/loan application, supporting documentation, and any other communications related to Mike W. Skeels aka Mikey W. Skeels' purchase of and/or application for purchase-money credit for a vehicle on which [SFS] holds a lien and/or financial interest in, namely a 2023 Jeep Wrangler with VIN XXXXXXXXXXXXXXXXX. Please also produce all payment documentation, including but not limited to cancelled checks, electronic fund transfer documentation, money orders, and cash receipts.

In lieu of personal appearance, you may deliver the requested documents to counsel for [the Department].

**{¶5}** According to the affidavit of Matthew D. Macy, SFS's managing director and corporate counsel, SFS is a Texas corporation operating an indirect automobile finance company and is physically located in Georgia. SFS maintains no office in the state of Ohio. According to SFS's appellate brief, the "branch of business" referenced by the trial court in the judgment entry on appeal is actually a post office box.

**{¶6}** SFS objected to the subpoena by way of correspondence to the Department dated October 9, 2023. SFS argued state and federal laws restricting the disclosure of nonpublic personal information precluded it from producing information in response to an invalid subpoena.

**{¶7}** SFS asserted the Department must comply with the UIDDA. SFS cited *Gibsonburg Health, LLC v. Miniet*, 2018-Ohio-3510 (6th Dist.), for the proposition that "an Ohio court's subpoena power does not reach an out-of-state nonparties." *Id.* at ¶ 8. In that case, Gibsonburg sought the issuance of two identical subpoenas to Miniet's out-of-state attorney-in-fact (her son), one by the Ohio trial court and one by the county clerk in New York, where Miniet's son resided, pursuant to the UIDDA. The Sixth District reversed the Ohio trial court's judgment entry ordering Miniet's son to comply with the Ohio subpoena. The Sixth District opined "the out-of-state subpoena must be enforced in the New York county court and the [Ohio] court lacked territorial jurisdiction to resolve the issue." *Id.* at ¶ 10.

**{¶8}** On December 19, 2023, the Department responded to SFS recognizing that SFS had failed to comply with the subpoena. The Department extended the deadline for

compliance to January 3, 2024. SFS responded on December 27, 2023 and raised the same objections advanced in its October 9, 2023 correspondence.

{¶9} The Department filed the motion to compel and for sanctions on January 8, 2024. In the motion, the Department characterized SFS's objection to the subpoena as "absurd" and a "textbook example of frivolous resistance to discovery." (1/8/24 Mot., p. 4.) The Department asserted SFS is registered and licensed to do business in Ohio pursuant to R.C. 1703.03, and transacts business in Ohio. R.C. 1703.03, captioned "License required," reads in its entirety:

> No foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state. To procure such a license, a foreign corporation shall file an application, pay a filing fee, and comply with all other requirements of law respecting the maintenance of the license as provided in those sections.

The failure to obtain a license does not affect the validity of any contract with the foreign corporation, but prohibits the foreign corporation from maintaining any action in any Ohio court. R.C. 1703.29.

{¶10} The Department argued SFS has a statutory agent registered with the Secretary of State "whose sole purpose is to accept service of process of legal documents in Ohio." (1/8/24 Mot., p. 2.) R.C. 1703.041, captioned "Statutory agent," reads in relevant part, "[e]very foreign corporation for profit that is licensed to transact business in this state . . . shall have and maintain an agent, sometimes referred to as the "designated agent," upon whom process against the corporation may be served within this state. R.C. 1703.041(A). The Department distinguished the facts in this appeal from the facts in *Miniet, supra,* arguing the non-party in *Miniet* was a person, not a corporation doing business in Ohio that is registered with the state and has a registered agent for service.

{¶11} SFS raised three primary arguments in its opposition brief to the motion to compel and for sanctions filed on January 18, 2024. First, SFS argued a court's personal jurisdiction over a non-party differs from its territorial subpoena power, so the trial court lacked jurisdiction to enforce the subpoena against SFS. Second, service of a subpoena

on SFS's statutory agent for service of process was not sufficient to confer subpoena powers over SFS.   Third, the Department should file the subpoena in the manner prescribed in the UIDDA.   The Department did not file a response to SFS's opposition brief.

**{¶12}**  On February 13, 2024, the trial court issued the judgment entry on appeal granting the motion to compel and instructing SFS to respond to the subpoena.  The trial court reasoned it had jurisdiction over SFS because SFS "has availed itself to Ohio Courts by loaning money to Ohio residents; operating a branch of business in Ohio; and registering a statutory agent with the Ohio Secretary of State." The trial court further found the UIDDA did not apply because SFS had a statutory agent located and registered in the state of Ohio and "that money has been loaned in the State of Ohio to Ohio residents."

**{¶13}**  The judgment entry ordered SFS to comply with the subpoena within thirty days with the threat of sanctions for noncompliance. On March 7, 2024, SFS moved to stay the judgment entry in the trial court pending appeal. The trial court denied the motion the same day. SFS then filed an emergency motion for stay in this Court on March 12, 2024.  Despite the pending motion in this Court, SFS, while reserving all of its objections, responded to the subpoena on March 14, 2024.   We granted the motion for stay on March 26, 2024, acknowledging the significance of the issue presented, the paucity of existing case law, and the impact of SFS's potentially forced compliance with the subpoena on "the meaningfulness and effectiveness of [this] direct appeal."  (3/26/2024 J.E., p. 5.)

**{¶14}**  This timely appeal followed.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED WHEN IT GRANTED THE DEPARTMENT'S MOTION AND HELD THAT IT HAD JURISDICTION AND SUBPOENA POWER OVER SFS, A NON-PARTY, NON-RESIDENT OF THE STATE OF OHIO, AND, IN SO RULING, FOUND THAT A SUBPOENA SERVED ON SFS'S STATUTORY AGENT IN ACCORDANCE WITH CIV.R. 45[,] AND NOT THE UIDDA, WAS SUFFICIENT.**

**{¶15}**  SFS ultimately complied with the subpoena in order to avoid the imposition of sanctions.   Nonetheless, SFS contends the issue is not moot as it is capable of

repetition, but evading review.   In its appellate brief, SFS writes, "[i]n fact, the Department in another case recently issued a subpoena to SFS in the same manner in this case [sic] as SFS has responded with the same objections raised herein." (Appellant's Brf., p. 5, n. 2.) SFS did not identify the case, however, the pending objections in the case establish the issue is capable of repetition, but fail to demonstrate it will evade review.

**{¶16}** "The duty of a court of appeals 'is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case. Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues.' " *Huntington Natl. Bank v. CPW Properties, Ltd.*, 2018-Ohio-1219, ¶ 6 (7th Dist.), quoting *Schwab v. Lattimore*, 2006-Ohio-1372, ¶ 10 (1st Dist.).   An appellate court commits reversible error when it considers the merits of an appeal that has become moot. *State v. Berndt*, 29 Ohio St.3d 3, 4 (1987).

**{¶17}** However, courts have long-recognized a few narrow exceptions to the mootness doctrine. "Although a case may be moot, a court may hear the appeal where the issues raised are 'capable of repetition, yet evading review.' " *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165 (1988), paragraph one of the syllabus.   "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000).

**{¶18}** The Supreme Court of Ohio has broadly interpreted the same complaining party requirement to include subsequent litigants in similar circumstances. *See In re Huffer*, 47 Ohio St.3d 12, 14 (1989) (concluding that the issue of local school board's authority to make rules and regulations was capable of repetition, yet evading review, "since students who challenge school board rules generally graduate before the case winds its way through the court system."); *State v. Brooks*, 2004-Ohio-4746, ¶ 5 (concluding that although the certified issue before the court was moot as to the appellant, the situation was capable of repetition yet evading review). However, "there must be more

than a theoretical possibility that the action will arise again." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 792, (10th Dist.1991).

**{¶19}** Ohio courts have recognized that compliance with a subpoena renders an appeal from the motion to compel or quash to be moot. For instance, in *Tadross v. Ikladious*, 2015-Ohio-3147, ¶ 8 (8th Dist.), Fady, a nonparty and the brother of a litigant in a contested divorce proceeding, filed a motion to quash subpoenas directed to three banks in which he allegedly held accounts. The motion was overruled and Fady did not seek a stay of the trial court's order. Fady filed an appeal, but in the meantime, the banks complied with the subpoenas.

**{¶20}** The Eighth District opined, "[b]ecause the records that were subject to the subpoena have been provided, there is no live controversy before this court." *Id.* at ¶ 8, citing *In re Atty. Gen.'s Subpoena*, 2010-Ohio-476 (11th Dist.) (nothing for the court to consider on appeal when the appeal involved the trial court's denial of a motion to quash a subpoena when the proponent of the subpoena subsequently withdrew it). The Eighth District added, "there is no indication in the record that the issue raised on appeal is capable of repetition, yet evading review, which would warrant a departure from the well-established mootness doctrine." *Tadross* at ¶ 9.

**{¶21}** In *State ex rel. Bradford v. Bowen*, 2023-Ohio-1105, reconsideration denied, 2023-Ohio-1830, the warden served a subpoena on the Ohio Department of Health to produce a certified copy of Bradford's birth certificate, which the warden attached to his return of writ. Bradford argued in his motion to quash that the subpoena failed to comply with the filing and service requirements of Civ. R. 45(A)(3) and (B). Citing *Tadross, supra,* the Ohio Supreme Court opined the appeal of a motion to quash a subpoena on a nonparty is moot where the nonparty complies with the subpoena.

**{¶22}** Accordingly, we find SFS's sole assignment of error is moot. SFS argues the issue presented in this appeal falls within an exception to the mootness doctrine, that is, the issue is capable of repetition, but evading review.

**{¶23}** With respect to the first prong of the exception, "capable of repetition," SFS argues the challenged action in this case, an order compelling a nonresident nonparty's response to a subpoena, is too short in its duration to be fully litigated. However, SFS's argument regarding the second prong, "evading review," presupposes every trial court

will overrule a motion for stay holding the matter in abeyance pending an appeal, and every nonresident nonparty will voluntarily comply with the subpoena to avoid sanctions, despite a pending motion for stay in the court of appeals.

**{¶24}** Here, SFS voluntarily complied with the subpoena while the motion to stay of execution of the judgment entry was still pending before us. SFS incorrectly characterizes its voluntary decision to comply with the subpoena as a "Hobson's choice," given the threat of sanctions. (Appellant's Brf., p. 5, n. 2.) However, the trial court could not have properly imposed sanctions while the motion to stay filed here was pending. If the trial court did impose sanctions while the motion was pending, SFS could have appealed the sanctions order in addition to the merits currently on appeal.

**{¶25}** Accordingly, we find there is no reasonable expectation that the same result will occur when this issue is raised in the future. According to SFS's appellate brief, the same issue was being litigated in another Ohio court when the appellate brief was filed. We cannot conclude every trial court will overrule a motion to stay an order compelling disclosure of information during an appeal. Further, a nonresident nonparty subject to an order compelling disclosure may seek a stay of execution in the appellate court should the trial court overrule such a motion. We ultimately granted the motion to stay in this case, although it had no practical effect given SFS's compliance with the subpoena. SFS's argument that the issue will evade review is purely speculative given the dearth of case law and the likelihood the issue will be challenged in the future, where the requested remedy will not be obviated by the voluntary action of the subpoenaed nonresident nonparty.

## CONCLUSION

**{¶26}** Insofar as there is no relief that may be granted in this appeal, we find the sole issue raised in this appeal is moot, and is capable of repetition, but not evading review.

Robb, P.J., concurs.

Hanni, J., concurs.

Case No. 24 CO 0006

———————————————

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that this appeal of the judgment of the Court of Common Pleas of Columbiana County, Ohio, is moot. Costs to be taxed against Non-Party Appellant, Stellantis Financial Services, Inc.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**